

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00626-CR

**EX PARTE** Abraham **VASQUEZ-MARQUEZ**

From the County Court, Webb County, Texas
Trial Court No. 2022CRB000721L1
Honorable Leticia Martinez, Judge Presiding

PER CURIAM

Sitting:     Irene Rios, Justice
             Lori I. Valenzuela, Justice
             Velia J. Meza, Justice

Delivered and Filed: August 12, 2025

AFFIRMED

Appellant, Abraham Vasquez-Marquez, appeals the trial court's order denying the appellant's request for habeas relief. For the reasons stated below, we affirm the judgment of the trial court.

## BACKGROUND

Appellant was arrested and charged with misdemeanor criminal trespass as a part of Operation Lone Star ("OLS"). Appellant subsequently filed a pretrial application for writ of habeas corpus, arguing that the State of Texas engaged in selective prosecution by choosing to prosecute men for criminal trespass but not to prosecute similarly situated women for the same offense, in

violation of the Equal Protection clauses of the United States and Texas constitutions. The trial court denied Appellant's habeas application.

On December 27, 2023, this court reversed the trial court's judgment and ordered the case dismissed with prejudice. On December 11, 2024, the Court of Criminal Appeals vacated our opinion and remanded the case to consider the merits of the appeal in light of its decision in *Ex parte Aparicio*, 707 S.W.3d 189, 202 (Tex. Crim. App. 2024), *cert. denied sub nom. Aparicio v. Texas*, No. 24-6057, 2025 WL 1787753 (U.S. June 30, 2025).

### DISCUSSION

On appeal, Appellant argues that his selective-prosecution claim is cognizable in a pretrial habeas proceeding and that the trial court erred by denying the application for writ of habeas corpus.

*A. Standard of Review*

Generally, we review a trial court's ruling on a pretrial application for a writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Jarreau*, 623 S.W.3d 468 (Tex. App.—San Antonio 2020, pet. ref'd). "However, when, the resolution of the ultimate issue turns on the application of purely legal standards, we review the trial court's ruling de novo." *Jarreau*, 623 S.W.3d at 472. We will uphold the trial court's ruling "if that ruling was supported by the record and was correct under any theory of law applicable to the case." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) (citing *State v. Ross,* 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)). "That rule holds true even if the trial court gave the wrong reason for its ruling." *Armendariz*, 123 S.W.3d at 404 (citing *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)).

*B. Cognizability*

In his brief, Appellant argues that his pretrial application for writ of habeas corpus based on a claim of selective prosecution is cognizable on appeal. The State, however, disputes this argument.

From our review, the facts and arguments in this case are substantively the same as those in *Ex parte Aparicio*, in which the Court of Criminal Appeals concluded that the appellant's claim of selective arrest and prosecution was cognizable under the facts of that case. 707 S.W.3d 189, 202 (Tex. Crim. App. 2024), *cert. denied sub nom. Aparicio v. Texas*, No. 24-6057, 2025 WL 1787753 (U.S. June 30, 2025). Accordingly, we conclude that Appellant's claim is cognizable.

*C. Selective Prosecution*

To establish a prima facie case of "selective prosecution or selective enforcement, the claimant must prove with 'exceptionally clear evidence' that: 1. The prosecutorial policy had a discriminatory effect; and 2. it was motivated by a discriminatory purpose." *Id*. at 204. (citations omitted). The second prong requires the claimant "definitively show that an otherwise facially neutral law is being *administered* in bad faith—that it was 'directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive' that equal protection of the law was denied." *Id*. at 208 (emphasis in original) (quoting *U.S. v. Armstrong*, 517 U.S. 456, 464–65 (1996)). In other words, the claimant must show by "'exceptionally clear evidence' that the OLS mindset administering the facially neutral criminal trespass law was 'so unequal and oppressive' against him *because* he is male." *Id*. at 210 (emphasis in original) (citations omitted).

The evidence here is substantively the same as the evidence presented in *Aparicio*. *Id*. at 189. We therefore conclude, based on our review of the entire record and after considering the

parties' arguments, that the evidence is insufficient to show that the State of Texas' policy was motivated by a discriminatory purpose. *Id*. at 204.

## CONCLUSION

Because Appellant failed to establish the second prong of his selective prosecution claim, the trial court did not err in denying his application for writ of habeas corpus. Accordingly, we affirm the trial court's order denying Appellant's pretrial application for writ of habeas corpus. We also dismiss any other pending motions as moot.

PER CURIAM

DO NOT PUBLISH